UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TROY R. NORRED, M.D., <br> *Plaintiff*, <br><br> v. <br><br> MEDTRONIC, INC., <br> MEDTRONIC VASCULAR, INC., <br> MEDTRONIC COREVALVE, LLC, <br> COREVALVE, INC., ROB <br> MICHIELS and DANIEL <br> LEMAITRE, <br> *Defendants*. | CIVIL CASE: 13-CV-2061 EFM/DJW <br><br> JURY TRIAL REQUESTED |

## MEDTRONIC, INC., MEDTRONIC VASCULAR, INC., AND MEDTRONIC COREVALVE, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF TROY R. NORRED, M.D.'S ORIGINAL COMPLAINT

Defendants Medtronic, Inc., Medtronic Vascular, Inc., and Medtronic CoreValve, LLC (collectively, "Medtronic")[1] file this Answer, Defenses and Counterclaims to Plaintiff Troy R. Norred, M.D.'s ("Norred's") original Complaint ("Complaint"):

### INTRODUCTION

1. Medtronic admits that the Complaint purports to state a claim for patent infringement.

2. Medtronic denies the allegations of paragraph 2 of the Complaint.

3. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

---

[1] This Answer is not filed on behalf of CoreValve, Inc., Rob Michiels, or Daniel Lemaitre. CoreValve, Inc. no longer has corporate existence, having been extinguished by virtue of a merger. Rob Michiels and Daniel Lemaitre are filing a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

4. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. Medtronic denies the allegations of paragraph 6 of the Complaint.

7. Medtronic admits that Medtronic, Inc. acquired CoreValve, Inc. on April 9, 2009. Medtronic denies all other allegations of paragraph 7 of the Complaint.

8. Medtronic denies the allegations of paragraph 8 of the Complaint.

9. Medtronic admits that Norred seeks a reasonable royalty, and further relief available under 35 U.S.C. § 285. Medtronic denies that Norred is entitled to any relief in this action.

## PARTIES

10. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11. Medtronic admits that Medtronic, Inc. is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, MN 55432. Medtronic admits that Medtronic, Inc.'s shares trade on the New York Stock Exchange under the ticker symbol, MDT. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 11 of the Complaint.

12. Medtronic admits that Medtronic Vascular, Inc. is a Delaware corporation with its principal place of business at 3576 Unocal Place, Santa Rosa, California 95403. Medtronic admits that Medtronic Vascular, Inc. can be served through its registered agent CT Corporation System Inc., 100 S. 5th Street, #1075, Minneapolis, MN 55402. Medtronic further admits that

Medtronic Vascular, Inc. is a subsidiary of Medtronic, Inc. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 12 of the Complaint.

13. Medtronic admits that Medtronic CoreValve, LLC is a Delaware limited liability company with a principal place of business at 1 Jenner #100, Irvine, CA 92618. Medtronic further admits that Medtronic CoreValve, LLC is a subsidiary of Medtronic, Inc. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 13 of the Complaint.

14. Medtronic admits that CoreValve, Inc. was a private corporation organized under the law of the State of Delaware with a principal place of business at 1 Jenner #100, Irvine, CA 92618. On April 9, 2009, Armstrong Merger Corporation merged with CoreValve, Inc. to form Medtronic CoreValve, Inc. On April 20, 2009, Medtronic CoreValve, Inc. converted to an LLC under the new name Medtronic CoreValve LLC. CoreValve, Inc. no longer has corporate existence, having been extinguished by virtue of a merger. To the extent not expressly admitted, Medtronic denies the allegations of paragraph 14 of the Complaint.

15. Medtronic admits that Rob Michiels served as President and Chief Operating Officer of CoreValve, Inc. from sometime in 2004 until April 2009. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 15 of the Complaint.

16. Medtronic admits that Daniel Lemaitre served as Chief Executive Officer of CoreValve, Inc. from May 2008 to April 2009. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17. Medtronic admits that the Complaint purports to state a claim for patent infringement and that Norred seeks damages and an injunction for patent infringement. Medtronic denies that Norred is entitled to any relief in this action.

18. Medtronic admits the allegations in paragraph 18 of the Complaint as it applies to Medtronic, Inc., Medtronic Vascular, Inc., and Medtronic CoreValve, LLC. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 18 of the Complaint.

19. Medtronic does not contest that this Court has personal jurisdiction over Medtronic, Inc., Medtronic Vascular, Inc., and Medtronic CoreValve, LLC. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Medtronic does not contest that venue is proper in this district as to Medtronic, Inc., Medtronic Vascular, Inc., and Medtronic CoreValve, LLC. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 20 of the Complaint.

## FACTUAL BACKGROUND

21. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

22. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.

23. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them.

24. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies them.

25. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies them.

26. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies them.

27. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28. Medtronic admits that the United States Patent and Trademark Office issued United States Patent No. 6,482,228 ("the '228 patent") to Norred. Medtronic admits that the '228 patent is entitled "Percutaneous Aortic Valve Replacement." Medtronic admits that what purports to be a true and correct copy of the '228 patent is attached to the Complaint. To the extent not expressly admitted, Medtronic denies the allegations of paragraph 28 of the Complaint.

29. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them.

30. Medtronic denies the allegations of paragraph 30 of the Complaint.

31. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them.

32. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies them.

33. Medtronic denies the allegations of paragraph 33 of the Complaint.

34. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them.

36. Medtronic denies the allegations of paragraph 36 of the Complaint.

37. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them.

38. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39. Medtronic admits that it acquired CoreValve in 2009. Medtronic further admits that Daniel Lemaitre was Chief Executive Officer of CoreValve at the time of acquisition. To the extent not expressly admitted, Medtronic denies the allegations in paragraph 39 of the Complaint.

40. Medtronic denies the allegations of paragraph 40 of the Complaint.

41. Medtronic denies the allegations of paragraph 41 of the Complaint.

42. Medtronic is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies them.

43. Medtronic denies the allegations of paragraph 43 of the Complaint.

44. Medtronic denies the allegations of paragraph 44 of the Complaint.

45. Medtronic denies the allegations of paragraph 45 of the Complaint.

46. Medtronic denies the allegations of paragraph 46 of the Complaint.

47. Medtronic denies the allegations of paragraph 47 of the Complaint.

### COUNT 1: PATENT INFRINGEMENT

48. Medtronic incorporates by reference the foregoing responses as if fully set forth herein.

49. Medtronic denies the allegations of paragraph 49 of the Complaint.

50. Medtronic denies the allegations of paragraph 50 of the Complaint.

51. Medtronic denies the allegations of paragraph 51 of the Complaint.

52. Medtronic denies the allegations of paragraph 52 of the Complaint.

53. Medtronic denies the allegations of paragraph 53 of the Complaint.

54. Medtronic denies the allegations of paragraph 54 of the Complaint.

55. Medtronic denies the allegations of paragraph 55 of the Complaint.

56. Medtronic denies the allegations of paragraph 56 of the Complaint.

## COUNT II: CONTRIBUTORY PATENT INFRINGEMENT

57. Medtronic incorporates by reference the foregoing responses as if fully set forth herein.

58. Medtronic denies the allegations of paragraph 58 of the Complaint.

59. Medtronic denies the allegations of paragraph 59 of the Complaint.

60. Medtronic denies the allegations of paragraph 60 of the Complaint.

61. Medtronic denies the allegations of paragraph 61 of the Complaint.

62. Medtronic denies the allegations of paragraph 62 of the Complaint.

63. Medtronic denies the allegations of paragraph 63 of the Complaint.

## WILLFUL INFRINGEMENT

64. Medtronic incorporates by reference the foregoing responses as if fully set forth herein.

65. Medtronic denies the allegations of paragraph 65 of the Complaint.

## PRAYER FOR RELIEF

Medtronic denies all allegations contained in the Prayer for Relief, and further denies that any relief should be granted to Norred, either as requested in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

### First Defense
### (Non-Infringement)

66. Medtronic has not infringed, is not now infringing, and is not threatening to infringe any valid, enforceable claim of the '228 patent either literally or under the doctrine of

equivalents; nor has Medtronic contributed to or induced the infringement of any valid and enforceable claim of the '228 patent.

## Second Defense
## (Invalidity)

67. The '228 patent is invalid and/or unenforceable for, among other things, failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§101, 102, 103 and 112.

## Third Defense
## (Non-Willfulness)

68. Medtronic has not willfully infringed, and is not willfully infringing, any valid and enforceable claim of the '228 patent.

## Fourth Defense
## (Laches, Estoppel, Waiver)

69. Upon information and belief, the doctrines of laches, estoppel and/or waiver bar Norred's claims, in part or in whole.

## Fifth Defense
## (Prosecution Estoppel)

70. Upon information and belief, estoppel arising from statements, representations, and admissions during prosecution of the '228 patent bars Norred's claims, in whole or in part.

## Sixth Defense
## (Notice and Marking; Limitation on Damages)

71. Upon information and belief, Norred's claims are barred in whole or in part by his failure to mark pursuant to § 287 of Title 35, United States Code, or otherwise give proper notice that Medtronic's actions allegedly infringed the '228 patent.

## Seventh Defense
### (Non-Existent Corporate Entities)

72. Upon information and belief, CoreValve, Inc. is not liable in the capacity in which it is sued, having been extinguished by virtue of a merger.

## COUNTERCLAIMS

73. Medtronic alleges the following counterclaims against Norred:

### Jurisdiction and Venue

74. Subject to Medtronic's affirmative defenses and denials, Medtronic alleges that this Court has jurisdiction over the subject matter of these counterclaims, pursuant to 28 U.S.C. §§ 1331 and 1338 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

75. Subject to Medtronic's affirmative defenses and denials, Medtronic alleges that venue is proper within this judicial district under Title 28, United States Code §§ 1391(b) or 1391(c).

### Parties

76. Medtronic, Inc. is a public corporation organized under the laws of the State of Minnesota with a principal place of business at 710 Medtronic Parkway, Minneapolis, MN 55432.

77. Medtronic Vascular, Inc. is a private corporation organized under the laws of the State of Delaware with a principal place of business at 3576 Unocal Place, Santa Rosa, California 95403.

78. Medtronic CoreValve, LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 1 Jenner #100, Irvine, CA 92618.

79. Troy R. Norred, M.D. alleges in paragraph 10 of the Complaint that he is a cardiologist residing in Ada, Oklahoma. By filing his Complaint, Norred has consented to the personal jurisdiction of this Court.

## First Counterclaim
### (Declaratory Judgment of Non-Infringement)

80. Medtronic incorporates by reference the responses and allegations set forth in paragraphs 1-79 of this Answer, Defenses, and Counterclaims.

81. Norred purports to be the sole holder of the entire right, title and interest in the '228 patent.

82. Norred has sued Medtronic in the present action, alleging infringement of the '228 patent. Thus, an immediate, real and justiciable controversy exists between Medtronic and Norred with respect to the alleged infringement, validity, and enforceability of the '228 patent.

83. Medtronic did not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '228 patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

84. Medtronic seeks a judgment declaring that the claims of the '228 patent are not infringed.

## Second Counterclaim
### (Declaratory Judgment of Invalidity of the '228 Patent)

85. Medtronic incorporates by reference the responses and allegations set forth in paragraphs 1-84 of this Answer, Defenses, and Counterclaims.

86. Norred purports to be the sole holder of the entire right, title and interest in the '228 patent.

87. Norred has sued Medtronic in the present action, alleging infringement of the '228 patent. Thus, an immediate, real, and justiciable controversy exists between Medtronic and Weatherford with respect to the alleged infringement, validity, and enforceability of the '228 patent.

88. The claims of the '228 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

89. Medtronic seeks a judgment declaring that the asserted claims of the '228 patent are invalid.

**Prayer for Relief**

WHEREFORE, Medtronic respectfully requests that this Court enter a judgment against Norred, as follows:

A. A declaration that none of the claims of the '228 patent are infringed by Medtronic;

B. A declaration that every claim of the '228 patent is invalid;

C. That Norred take nothing by reason of the Complaint and that the Complaint be dismissed with prejudice;

D. That the Court award Medtronic the costs of this suit, including defending against Norred's claims;

E. That the Court declare this an exceptional case under 35 U.S.C. § 285 and award Medtronic its reasonable attorneys' fees; and

F. That the Court award Medtronic such other and further relief as the Court deems just and proper.

# JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Medtronic hereby demands a jury trial on all issues so triable.


Dated: March 28, 2013

**BARTIMUS FRICKLETON ROBERTSON & GORNY**

_/s/ James P. Frickleton_
James P. Frickleton
Kansas Bar No. 20602
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211
(913) 266-2300 Tel
(913)266-2366 Fax

and

**MCKOOL SMITH P.C.**
Theodore Stevenson III (admitted pro hac vice)
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter (admitted pro hac vice)
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR DEFENDANTS
COREVALVE, INC., DANIEL LEMAITRE,
MEDTRONIC COREVALVE, LLC.,
MEDTRONIC VASCULAR, INC.,
MEDTRONIC, INC., AND ROB MICHIELS**

13

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 28, 2013, the foregoing document was filed electronically pursuant to the ECF filing requirements. As such, this document was served on each party who is a registered user of ECF.

                                            _/s/ James P. Frickleton_
                                            James P. Frickleton