UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| TROY R. NORRED, M.D., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 13-CV-2061 EFM/DJW |
| | ) |
| MEDTRONIC, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

Pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 7.6, Plaintiff Troy R. Norred, M.D. submits this Memorandum of Law in support of his Motion to dismiss the counterclaims filed by Medtronic, Inc., Medtronic Vascular, Inc., and Medtronic CoreValve, LLC (collectively, "Defendants") in the captioned cause.

### Statement of the Matter Before the Court

Before the Court is a Motion to Dismiss Defendants counterclaims pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

### Statement of the Facts

This is a lawsuit for patent infringement brought by Dr. Troy R. Norred ("Dr. Norred" or "Plaintiff"). *Complaint*, ¶¶ 1 & 2. Dr. Norred is a cardiologist residing in Ada, Oklahoma. *Complaint*, ¶ 10. In or about 1999, Dr. Norred invented a replacement aortic valve designed to be placed percutaneously via a catheter and stent system in cardiac patients suffering from aortic stenosis or aortic regurgitation to help regulate blood flow in the heart. *Complaint*, ¶ 24. Dr. Norred filed for a patent on this invention on November 14, 2000. *Complaint*, ¶ 27. Approximately two years later, on November 19, 2002, United States Patent No. 6,482,228 ("the

1

'228 patent") entitled, "Percutaneous Aortic Valve Replacement" was issued. *Complaint*, ¶ 28. Dr, Norred currently owns all right, title and interest to the '228 Patent, including the right to sue for past, present and future infringements. *Complaint*, ¶ 29.

In September 2003, Dr. Norred attended the fifteenth annual Transcatheter Cardiovascular Therapeutics Symposium in Washington D.C. *Complaint*, ¶ 31. Representatives from a company then known as CoreValve, Inc. were present at this symposium. *Complaint*, ¶ 32. They presented a surgical device named the Percutaneous ReValving System (the "PRV System"). *Complaint*, ¶ 32. The PRV System was strikingly similar to the invention claimed in the '228 Patent, and indeed, appeared to be rough copy. *Complaint*, ¶ 33. Dr. Norred spoke to the then-Vice President of Marketing of CoreValve to discuss the '228 Patent and CoreValve's PRV System. *Complaint*, ¶ 34.

After the conference, Dr. Norred called Defendant Michiels, the then-President and Chief Operating Office of CoreValve, and told him that CoreValve needed a license for its PRV System. *Complaint*, ¶ 35. Mr. Michiels did not deny a license was necessary. *Complaint*, ¶ 36. Instead, Defendant Michiels explained that CoreValve was a small company, and that Dr. Norred should wait to discuss licensing until CoreValve grew in size to the point that it could support the licensing fees associated with the '228 Patent. *Complaint*, ¶ 36.

Dr. Norred was not persuaded. *Complaint*, ¶ 37. He sent a follow-up letter to Defendant Michiels enclosing a copy of the '228 Patent and urging CoreValve to enter into licensing discussions immediately. *Complaint*, ¶ 37. CoreValve did not respond to this letter. *Complaint*, ¶ 37. Dr. Norred waited several months then sent another letter to CoreValve. Again, CoreValve did not respond. *Complaint*, ¶ 38.

Medtronic, Inc. ("Medtronic") purchased CoreValve in 2009. *Complaint*, ¶ 39. By the time of this transaction, Defendant Lemaitre had succeeded Defendant Michiels as CoreValve's President and CEO. *Complaint*, ¶ 16. Dr. Norred contacted Medtronic to introduce himself and explain the issue that had arisen regarding the PRV System and the '228 Patent. *Complaint*, ¶ 42. Medtronic was initially receptive to this inquiry. *Complaint*, ¶ 43. From November 2009 through December 2010, Dr. Norred and Medtronic engaged in extensive discussions regarding licensing of the '228 Patent. *Complaint*, ¶ 44. Medtronic ended these discussions without explanation in December 2010, refusing further communication. *Complaint*, ¶ 45.

Left without other options for resolving this dispute, Dr. Norred finally decided to file the present action for patent infringement against CoreValve, Medtronic, and certain Medtronic affiliates. In addition, Defendants Michiels and Lemaitre are alleged to have induced CoreValve to infringe the '228 Patent. *Complaint*, ¶¶ 40, 41, 46. Medtronic responded by filing counterclaims seeking a declaration that the PRV System does not infringe on the '228 Patent, and seeking a declaration that the '228 Patent is invalid.

## **Statement of the Questions Presented**

I.  Whether Defendants' first and second counterclaims for declaratory relief should be dismissed as duplicative of Defendants' first and second affirmative defenses.

II. Whether Defendants' second counterclaim for declaratory relief, which alleges Dr. Norred's patent is invalid but fails to articulate the factual basis for this allegation, should be dismissed for failure to state a claim for which relief may be granted.

## **Argument**

**I.  Defendants' Counterclaims Should Be Dismissed Because They Are Wholly Duplicative Of Defendants' First and Second Affirmative Defenses**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought."

§ 2201(a) (emphasis added). "The Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201." *Sanjet Corp. v. Lexor International, Inc.*, Civil Action No. 3:06-CV-1258-B, 2008 WL 2201451, at *2 (N.D. Tex. May 15, 2008) (citations omitted). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir.2005) (*quoting Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). "Although a court may not dismiss a request for declaratory relief 'on the basis of whim or personal disinclination,'" a request for relief that adds nothing to an existing lawsuit "need not be permitted." Sanjet, 2008 WL 2201451, at *2. Accordingly, courts typically decline to entertain counterclaims for declaratory relief that are wholly duplicative of affirmative defenses. *See, e.g. Sprint Nextel Corp. v. The Middle Man, Inc.*, No. 12-2159-JTM, 2013 WL 1197137, at *2 (D. Kan. March 25, 2013); *Penn Mutual Life Ins. Co. v. Berck*, No. DKC 09–0578, 2010 WL 3294305, at *3 (D.Md. Aug.20, 2010) ("This type of double pleading is not the purpose of a declaratory judgment"); *Penn Mutual Life Ins. Co. v. Greatbanc Trust Company*, No. 09 C 6129, 2010 WL 2928054, at *5 (N.D.Ill. July 21, 2010) ("counterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief"); *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H–09–2582, 2010 WL 2219179, at *8 (S.D.Tex. May 28, 2010) (dismissing declaratory counterclaim duplicative of affirmative defense); *United States v. Zanfei*, 353 F.Supp.2d 962, 965 (N.D.Ill.2005) (noting that it is "well settled" that courts may dismiss duplicative counterclaims).

In the case at bar, Defendants' first counterclaim seeks a declaration that "Medtronic did not infringe, has not infringed, and does not and has not induced infringement or contributed to

infringement of any valid and enforceable claim of the '228 patent." *Defendants' Answer and Counterclaims*, ¶ 83. This is duplicative of Defendants' first affirmative defense, which alleges that "Medtronic has not infringed, is not now infringing, and is not threatening to infringe any valid, enforceable claim of the '228 patent ... nor has Medtronic contributed to or induced any infringement of any valid and enforceable claim of the '228 patent." *Defendants' Answer and Counterclaims*, ¶ 66. Defendants' first counterclaim therefore adds nothing to the lawsuit, and need not and should not be permitted.

The same is true of Defendants' second counterclaim. Defendants' second counterclaim seeks a declaration that the "claims of the '228 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112." *Defendants' Answer and Counterclaims*, ¶ 88. Defendants' second affirmative defense alleges that the '228 patent "is invalid and/or unenforceable for, among other things, failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112." *Defendants' Answer and Counterclaims*, ¶ 67. Defendants' second counterclaim adds nothing to the lawsuit, and should not and need not be permitted.

For the foregoing reasons, and in accordance with a long line of federal cases including one from this district, Defendants' first and second counterclaims should be dismissed as duplicative of Defendants' first and second affirmative defenses.

II. **Defendants' Second Counterclaim Should Be Dismissed For Failure to State a Claim Upon Which Relief May Be Granted**

Rule 12(b)(6) "provides a vehicle for a party to challenge the legal sufficiency of a counterclaim." *Gemcor II, LLC v. Electroimpact Inc.*, No. 11-CV-2520-CM, 2012 WL 628199, *1 (D.Kan. Feb. 27, 2012). To be legally sufficient, a counterclaim must contain "a short and

infringement of any valid and enforceable claim of the '228 patent." *Defendants' Answer and Counterclaims*, ¶ 83. This is duplicative of Defendants' first affirmative defense, which alleges that "Medtronic has not infringed, is not now infringing, and is not threatening to infringe any valid, enforceable claim of the '228 patent ... nor has Medtronic contributed to or induced any infringement of any valid and enforceable claim of the '228 patent." *Defendants' Answer and Counterclaims*, ¶ 66. Defendants' first counterclaim therefore adds nothing to the lawsuit, and need not and should not be permitted.

The same is true of Defendants' second counterclaim. Defendants' second counterclaim seeks a declaration that the "claims of the '228 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112." *Defendants' Answer and Counterclaims*, ¶ 88. Defendants' second affirmative defense alleges that the '228 patent "is invalid and/or unenforceable for, among other things, failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112." *Defendants' Answer and Counterclaims*, ¶ 67. Defendants' second counterclaim adds nothing to the lawsuit, and should not and need not be permitted.

For the foregoing reasons, and in accordance with a long line of federal cases including one from this district, Defendants' first and second counterclaims should be dismissed as duplicative of Defendants' first and second affirmative defenses.

II. **Defendants' Second Counterclaim Should Be Dismissed For Failure to State a Claim Upon Which Relief May Be Granted**

Rule 12(b)(6) "provides a vehicle for a party to challenge the legal sufficiency of a counterclaim." *Gemcor II, LLC v. Electroimpact Inc.*, No. 11-CV-2520-CM, 2012 WL 628199, *1 (D.Kan. Feb. 27, 2012). To be legally sufficient, a counterclaim must contain "a short and

infringement of any valid and enforceable claim of the '228 patent." *Defendants' Answer and Counterclaims*, ¶ 83. This is duplicative of Defendants' first affirmative defense, which alleges that "Medtronic has not infringed, is not now infringing, and is not threatening to infringe any valid, enforceable claim of the '228 patent ... nor has Medtronic contributed to or induced any infringement of any valid and enforceable claim of the '228 patent." *Defendants' Answer and Counterclaims*, ¶ 66. Defendants' first counterclaim therefore adds nothing to the lawsuit, and need not and should not be permitted.

The same is true of Defendants' second counterclaim. Defendants' second counterclaim seeks a declaration that the "claims of the '228 patent are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112." *Defendants' Answer and Counterclaims*, ¶ 88. Defendants' second affirmative defense alleges that the '228 patent "is invalid and/or unenforceable for, among other things, failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35, United States Code, including in particular §§ 101, 102, 103 and 112." *Defendants' Answer and Counterclaims*, ¶ 67. Defendants' second counterclaim adds nothing to the lawsuit, and should not and need not be permitted.

For the foregoing reasons, and in accordance with a long line of federal cases including one from this district, Defendants' first and second counterclaims should be dismissed as duplicative of Defendants' first and second affirmative defenses.

II. **Defendants' Second Counterclaim Should Be Dismissed For Failure to State a Claim Upon Which Relief May Be Granted**

Rule 12(b)(6) "provides a vehicle for a party to challenge the legal sufficiency of a counterclaim." *Gemcor II, LLC v. Electroimpact Inc.*, No. 11-CV-2520-CM, 2012 WL 628199, *1 (D.Kan. Feb. 27, 2012). To be legally sufficient, a counterclaim must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." *Id.*; Fed. R. Civ. P. 8(a). "The purpose of this rule is to give the opposing party 'fair notice of what the … claim is and the grounds upon which it rests.'" *Gemcor II*, 2012 WL 628199, at *1 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).

In *Sprint Communications Company, L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 616 (D. Kan. 2006), Judge Lungstrum explained these requirements as follows:

> The modem pleading rules are intended "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to appraise the court of sufficient allegations to allow it to conclude, if the allegations, are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989). Although the modern rules have reduced the minimum detail required in pleadings, a party must nevertheless "provide the opposing party with a fair notice of the claim and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). "Even under the relaxed standard of notice pleading, a party is required to 'do more than simply make allegations, rather, the pleading must state the facts upon which the plaintiff's claim rests.' " *Sims v. Unified Gov't of Wyandotte County*, 120 F.Supp.2d 938, 950 (D.Kan.2000). Moreover, the pleading requirement is the same if a counterclaim or affirmative defense, rather than the plaintiff's complaint, is challenged. Indeed, "affirmative defenses are pleadings, and as such are subject to all pleading requirements of the Federal Rules of Civil Procedure.

*Id.* at 618.

Defendants' second counterclaim falls far short of these pleading requirements. It does nothing more than cite to various statutory provisions that might render the '228 Patent invalid. There is no indication how or why any of these provisions apply to facts at issue. Dr. Norred has no way of knowing the grounds upon which the counterclaim rests.

Judge Lungstrum confronted a similar situation in the *Sprint Communications* case, *supra*. The defendant asserted as an affirmative defense that "[Sprint's seven patents], and each of the seven claims thereof, are invalid, void and/or unenforceable under one or more sections of Title 35 of the United States Code." 233 F.R.D. at 618. The defendant asserted as a

6

counterclaim that the patents are unenforceable, and incorporated by reference its affirmative defenses. *Id.* Judge Lungstrum found that the defendant had failed to meet the minimal pleading requirements of Rule 8. *Id.* at 619 (citing *PB Farradyne, Inc. v. Peterson*, 2006 WL 132182 (N.D. Cal. 2006)).

Judge Murgia confronted this situation in *Gemcor II, supra*. The defendant asserted that the "patents in this suit are invalid because they fail to meet the requirements of 35 U.S.C. §§ 102, 103, and/or 112." 2012 WL 628199, at *1. Judge Murgia reasoned that under *Twombly*, "[t]he pleader must include factual allegations that 'raise the right to relief above a speculative level.' [This requires the pleader] to allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted). Judge Murgia found that defendant's counterclaim failed to satisfy this standard, noting that it "pleads the statutory sections in the alternative and, therefore, does not link each patent with specific statutory references" so as to provide the plaintiff with "fair notice of what the claim is and the grounds upon which it rests." *Id.*

In the case at bar, as in the *Sprint Communications* and *Gemcor II* cases, the Defendant cites to statutory provisions without providing any indication how or why those provisions were violated. Indeed, as in *Gemcor II*, the Defendants do not even indicate which provisions are really at issue, since they cite §§ 101, 102, 103 and 112—which detail various conditions for patentability, from the novelty of the invention to the dissimilarity of the invention to prior art— as mere examples of patent laws with which Dr. Norred allegedly did not comply. It is wholly unclear whether *all* of these provisions apply to *all* of the claims that comprise the '228 Patent, whether *certain* provisions apply to *certain* claims and not others, and in that case, *which*

provisions apply to *which* claims.   There are 24 claimed inventions in the '228 Patent, and Dr. Norred has the right to know which of these claimed inventions are being challenged.

For the foregoing reasons, Defendants' second counterclaim fails to comply with the pleading requirements set forth in Rule 8(a) and thus fails to state a claim for which relief may be granted.  Dr. Norred's Motion should be granted and the second counterclaim should be dismissed.

Respectfully submitted,

**GRAVES BARTLE MARCUS
& GARRETT, LLC**

*/s/ David L. Marcus*
David L. Marcus,  KS Bar No. 18034
1100 Main Street, Suite 2700
Kansas City, Missouri  64105
Telephone:  816- 256-3181
Facsimile:  816- 222-0534
dmarcus@gbmglaw.com

-and-

**ERICKSON, KERNELL, DERUSSEAU
& KLEYPAS, LLC**

*/s/ James J. Kernell*
James J. Kernell, KS Bar No. 19559
ERICKSON, KERNELL, DERUSSEAU
& KLEYPAS, LLC
8900 State Line Road, Suite 500
Leawood, Kansas  66206
Telephone:  913-549-4700
Facsimile:  913-549-4646
jjk@kcpatentlaw.com

Attorneys for Plaintiff Troy R. Norred

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court this 20th day of May, 2013, to be served by operation of the Court's electronic filing system upon the following:

Samuel F. Baxter
MCKOOL SMITH, PC
104 E. Houston Street, Suite 300
Marshall, TX 75670
sbaxter@mckoolsmith.com

James P. Frickleton
BARTIMUS, FRICKLETON, ROBERTSON & GORNY
11150 Overbrook Road, Suite 200
Leawood, KS 66211
jimf@bflawfirm.com

Theodore Stevenson, III
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
tstevenson@mckoolsmith.com

Attorneys for Defendants

    /s/ David L. Marcus
Attorney for Plaintiff