DJW/crd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TROY R. NORRED, M.D.,

    Plaintiff,

v.                                                                       Case No. 13-2061-EFM-DJW

MEDTRONIC, INC.,
et al.,

    Defendants.

## SCHEDULING ORDER

On August 7, 2013, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference with the parties.[1] Plaintiff appeared through counsel David Marcus and James J. Kernell. Defendants appeared through counsel James P. Frickleton, Nicholas M. Mathews, Samuel F. Baxter, and Theodore Stevenson, III.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | August 9, 2013 |
| Defendant's settlement counter-proposal | August 23, 2013 |
| Confidential settlement reports to magistrate judge identifying agreed-upon mediator or other ADR neutral | August 30, 2013 |
| Mediation or other ADR process completed | October 20, 2013 |
| Initial disclosures exchanged | August 16, 2013 |
| All discovery completed | October 1, 2014 |
| Experts disclosed by plaintiff | August 22, 2014 |
| Experts disclosed by defendant | August 29, 2014 |
| Rebuttal experts disclosed | September 19, 2014 |
| Supplementation of disclosures | 40 days before completion of discovery |
| Preliminary witness and exhibit disclosures | October 13, 2014 |
| Jointly proposed protective order submitted to court | August 16, 2013 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | August 16, 2013 |
| Motions to join additional parties or otherwise amend the pleadings | August 30, 2013 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, failure to state a claim | October 14, 2013 |
| All other potentially dispositive motions | October 31, 2014 |
| Motions challenging admissibility of expert testimony | October 31, 2014 |
| Pretrial conference | October 14, 2014 at 10:00 a.m. |
| Proposed pretrial order due | October 7, 2014 |

**1.  Alternative Dispute Resolution (ADR).**

a.  By August 9, 2013, plaintiff shall submit to defendant a good faith proposal to settle the case.  By August 23, 2013, defendant shall make a good faith response to

plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case. By August 30, 2013, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.

      b.     Settlement may be enhanced by use of mediation. Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation, as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator. Absent further order of the court, the ADR process shall be held no later than October 20, 2013, before the mediator chosen by the parties or selected by the court. An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the scheduled ADR process

*[http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf).](http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf)*

**2.**    **Discovery.**

a. The parties shall exchange by August 16, 2013 the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by September 30, 2013. The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

b. All discovery shall be commenced or served in time to be completed by October 1, 2014.

c. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d. The court considered the following discovery problem(s) raised by one or more of the parties:

Plaintiff shall provide Defendants with a notice of asserted patent claims within 30 days of receiving from Defendants detailed drawings and photographs of the accused device(s).

Defendants shall inform Plaintiff whether they intend to rely upon advice of counsel as a defense to willful infringement no later than November 15, 2013. If Defendants intend to rely upon advice of counsel as a defense to willful infringement, they shall produce any such opinions which Defendants intend to rely upon by November 29, 2013.

e. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

Provisions will be added to the protective order.

f. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.

g. There shall be no more than 10 depositions by plaintiff and 10 by defendant.

h. Each deposition shall be limited to 7 hours, except for the deposition(s) of corporate representative(s) and Inventor which shall be limited to 10 hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

i. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by August 22, 2014, and by defendant by August 29, 2014. Disclosures and reports by any rebuttal experts shall be served by

September 19, 2014. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

j. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory

supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

    k.    The parties shall serve preliminary witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i) & (iii) by October 13, 2014. These disclosures shall provide a realistic listing of the witnesses and exhibits that actually are anticipated to be used during trial of the case instead of merely repeating the initial disclosures under Fed. R. Civ. P. 26(a)(1)(A) (i) & (ii).

    l.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

m. Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by August 16, 2013. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by August 16, 2013.

n. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3. Motions.**

a. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by August 30, 2013.

b. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by October 14, 2013.

c. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by October 31, 2014.

d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than October 31, 2014.

e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4.     *Markman* Claim Construction Hearing.**

The parties request that a *Markman* claim construction hearing be held in May 2014. The parties request that the Court set aside six hours for the hearing, with each side being allocated three hours. In anticipation of the hearing, the parties shall make disclosures as follows.

    a.    Initial infringement contentions by Plaintiff on November 8, 2013.[2]

---

[2]The Infringement Contentions shall contain the following information:
(a) Each claim of the patent in suit that is allegedly infringed by each opposing party;
(b) Separately for each asserted claim, identification by name or model number, if known, of each accused apparatus, product, or device ("Accused Device") of each opposing party of which the party is aware.;
(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Device, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;
(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Device;
(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and
(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, or device practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, or device that incorporates or reflects that particular claim.

b.   Initial invalidity contentions by Defendants on December 20, 2013.[3]

c.   Final infringement contentions by Plaintiff 14 days after the Court's claim construction order.[4]

d.   Final invalidity contentions by Defendant 28 days after the Court's claim construction order.[5]

e.   The parties shall exchange proposed terms to be construed by the Court on January 17, 2014.

f.   The parties shall exchange proposed constructions, including intrinsic and extrinsic evidence citations (including any expert reports regarding claim construction), on February 7, 2014.

---

[3]The Invalidity Contentions shall contain the following information:
(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);
(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;
(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and
(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

[4]Final Infringement Contentions may be served only if the party believes in good faith that the Court's Claim Construction Ruling so requires. Except as necessitated by the Court's claim construction ruling, amendments to the Initial Infringement Contentions may only be made with leave of Court.

[5]Final Invalidity Contentions may be served only if the party believes in good faith that the Court's Claim Construction Ruling so requires. Except as necessitated by the Court's claim construction ruling, amendments to the Initial Invalidity Contentions may only be made with leave of Court.

g. The parties shall meet and confer regarding the claim terms to be construed and in good faith attempt to limit the number of terms to be construed and agree on constructions on February 14, 2014.

h. Plaintiff shall file initial claim construction brief on March 1, 2014.

i. Defendant shall file rebuttal claim construction brief on March 28, 2014.

j. Plaintiff shall file reply claim construction brief on April 11, 2014.

k. Deadline for parties to submit technology tutorials on April 25, 2014, if necessary.

**5. Other Matters.**

a. The parties agree that principles of comparative fault do not apply to this case.

b. Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for October 14, 2014 at 10:00 a.m. by telephone unless the judge determines that the proposed Pretrial Order is not in the appropriate format or that there are other problems requiring counsel to appear in person. If that determination is made the final pretrial conference will be held in Room 219, Robert J. Dole U. S. Courthouse, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than October 7, 2014, defendant shall submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an Internet e-mail sent to *ksd_waxse_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the

procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.* **If the Pretrial Conference is to proceed by telephone**, please provide contact information electronically to *[ksd_waxse_chambers@ksd.uscourts.gov](ksd_waxse_chambers@ksd.uscourts.gov)* at least 48 hours prior to the setting.

  e. The parties expect the trial of this case to take approximately eight days. The court will subsequently set the case for trial.

  f. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

  g. The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

  This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 19th day of August, 2013 at Kansas City, Kansas.

                                                          S/ David J. Waxse  
                                                        David J. Waxse  
                                                        U.S. Magistrate Judge

cc:    All counsel and *pro se* parties