IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TROY R. NORRED, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> MEDTRONIC, INC., MEDTRONIC VASCULAR, INC., & MEDTRONIC COREVALVE, LLC, <br><br> Defendants. | Civil Action No. 2:13-cv-2061 EFM/DJW <br><br><br> JURY TRIAL |

**MEDTRONIC'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW OF U.S. PATENT NO. 6,482,228**

Briefly staying this case pending the USPTO's decision to institute an *inter partes* review of the '228 patent would reduce the burden of litigation on the parties and conserve judicial resources, particularly given the scheduling overlap between the Court's upcoming *Markman* hearing and the deadline for the USPTO to institute the *inter partes* review. Importantly, these efficiencies would be realized at no prejudicial cost to Dr. Norred.

**I.   THE TIMING OF THE UPCOMING *MARKMAN* HEARING STRONGLY FAVORS A STAY.**

Dr. Norred contends that the "current stage of this proceeding" weighs against instituting a stay. (Dkt. No. 48, at 6-7.) Precisely the opposite is true. Because the USPTO will decide whether to initiate the *inter partes* review in April 2014, and the Court's *Markman* hearing is scheduled for May 2014, this is the ***optimum*** time to stay this litigation. Currently, the Scheduling Order calls for the following

- January 17, 2014 – Exchange proposed claim terms to be construed
- February 7, 2014 – Exchange proposed claim constructions, including intrinsic and extrinsic evidence citations

1

- March 1, 2014 – Dr. Norred to file initial claim construction brief
- March 28, 2014 – Medtronic to file rebuttal claim construction brief
- April 11, 2014 – Dr. Norred to file reply claim construction brief
- April 25, 2014 – Submit technology tutorials
- May 2014 – *Markman* hearing

(Dkt. No. 36, at 11-12.)

Without a stay, all efforts leading up to the May 2014 *Markman* hearing will be rendered moot if the *inter partes* review is instituted (statistically, an 89% likelihood). *See* Dkt. No. 47, at 2 ("From September 2012 through July 2013, 126 out of the 141 (89%) petitions for *inter partes* review resulted in an instituted trial.") Indeed, Dr. Norred and Medtronic will engage in the exact same *Markman* exercise during the *inter partes* review. *See* 37 CFR §§ 42.104–120 (establishing procedure for parties to address claim construction during the *inter partes* review). Under the current *Markman* schedule, the Court will not have an opportunity to consider the estoppel effects of arguments made by Dr. Norred to the USPTO, even though these arguments must be taken into account in the Court's claim construction order. *See CVI/Beta Ventures, Inc. v. Tura LP,* 112 F.3d 1146, 1158 (Fed. Cir. 1997). Staying this case now would therefore avoid the need to hold a second round of *Markman* proceedings. Even if the USPTO declines to institute the *inter partes* review, litigation should resume immediately, resulting in only a brief delay.

Additionally, and despite Dr. Norred's arguments to the contrary (Dkt. No. 48, at 7), this case is still in its infancy. The parties have only recently exchanged initial disclosures and preliminary document discovery. No depositions have been taken, no interrogatories have been served, no expert reports have been exchanged, and no trial date has been set. Now – before

discovery accelerates and *Markman* briefing begins – is the perfect time to stay this case pending the USPTO's decision to initiate an *inter partes* review of the '228 patent.

## II. MEDTRONIC DILIGENTLY PREPARED AND FILED THE PETITIONS FOR *INTER PARTES* REVIEW THREE MONTHS BEFORE THE STATUTORY DEADLINE.

In his opposition, Dr. Norred contends that Medtronic lacked diligence in preparing its petitions for *inter partes* review. (Dkt. No. 48 at 6-7.) This is false. Medtronic filed its petitions for *inter partes* review on October 31, 2013 – over *three months* before the statutory deadline. *See* 35 U.S.C. § 315(b) ("An *inter partes* review may not be instituted if the petition ... is filed more than 1 year after the date on which petitioner … is served with a complaint alleging infringement of the patent").

Preparing these petitions was a significant undertaking. After being served with the Complaint earlier this year, Medtronic retained separate *inter partes* counsel to (1) review and analyze the '228 patent and its associated file history; (2) conduct international prior art searches involving tens of thousands of potential references, many published in foreign languages; (3) analyze the search results; and (4) prepare and file the *inter partes* review petitions, totaling nearly one hundred pages of detailed, limitation-by-limitation analysis. Further, Medtronic moved to stay this litigation only *two weeks* after filing its petition for *inter partes* review. All of Medtronic's efforts in preparing and filing the petitions for *inter partes* review have been prompt and diligent.[1]

---

[1] Dr. Norred also argues that the timing of Medtronic's Motion to Stay indicates that "Defendants also may desire to avoid producing a corporate representative to testify in response to a recently served Rule 30(b)(6) deposition notice." (Dkt. No. 48, at 7.) Medtronic disagrees. Counsel for Dr. Norred and Medtronic discussed the possibility of staying this litigation *before* Dr. Norred served the Rule 30(b)(6) notice. To be clear, Medtronic seeks a short stay pending a decision from the USPTO not to shirk its discovery obligations, but to conserve the parties' and the Court's resources pending a decision on the validity of the '228 patent by the USPTO.

**III.     DR. NORRED WOULD NOT BE PREJUDICED BY A BRIEF STAY.**

Given Dr. Norred's own delay before filing this lawsuit, it is surprising that Dr. Norred now complains he is prejudiced by Medtronic's purported lack of diligence in filing its petitions for *inter partes* review.  (Dkt. No. 48, at 6-7.)  Dr. Norred had an opportunity to file this lawsuit after he sent his initial demand letters to CoreValve in 2004 and 2005, but did not.  He could have filed this lawsuit following the conclusion of his licensing discussions with Medtronic in 2010, but again he did not.  Rather, Dr. Norred waited until February 2013 to bring this action; nearly ***ten years*** after he first approached CoreValve about taking a license to the '228 patent and over ***two years*** since his last communications with Medtronic.  This self-imposed ten-year delay indicates that Dr. Norred will not be prejudiced by a brief stay pending a decision from the USPTO.  *See Telmac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 111 (N.D. Cal. 2006) ("The delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice.")

**IV.     THE DECISION TO IMPLEMENT A STAY IS *DISCRETIONARY* .**

As set forth in Medtronic's opening brief, the decision to implement a stay is a matter of *discretion*.  (Dkt. No. 47, at 3.)  In his opposition, Dr. Norred cites two cases where litigation was not stayed during the time-period when the USPTO was considering whether to institute an *inter partes* review.  (Dkt. No. 48, at 7, 9.)  At least four other district courts, when faced with the same decision, have opted to stay litigation prior to institution of *inter partes* review.  For example, the U.S. District Court for the Middle District of Florida recently stayed a case immediately following the submission of an *inter partes* review petition, before any action from the USPTO:

---

> The defendants ask to defer the litigation pending an *inter partes* review by the PTO under a recent amendment to the patent statute. The plaintiffs request 'full speed ahead' in the litigation. Because the litigation, although in the incipient stage, promises an abundance of venom and the attendant delay and expense in all events; because the PTO apparently will not consume much time unless the PTO perceives an important issue within the PTO's particular expertise; and because an important issue that appears in the litigation also appears to fall within the PTO's province and particular expertise, prudence commends resort to a stay until either the PTO declines review or, finding an important issue within the PTO's special province, the PTO grants and completes review to the benefit of the parties, the court, and the public. In other words, the investment of some time at this juncture appears wise.

*See Capriola Corp. v. LaRose Indus., LLC*, 8:12-cv-2436, 2013 U.S. Dist. LEXIS 65754, at *7 (M.D. Fla. Mar. 11, 2013); *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, 12-662, 2013 U.S. Dist. LEXIS 13081 (D. Del. July 2, 2013) (staying case prior to USPTO decision to institute *inter partes* review where there is little risk of prejudice, a chance for substantial issue simplification, and the case is in its earliest stages); *E-Watch, Inc. v. Lorex Canada, Inc.,* H-12-3314, 2013 U.S. Dist. LEXIS 138198 (S.D. Tex. Sept. 26, 2013) (immediately staying case upon filing of a petition for *inter partes* review where Plaintiff has shown no "prejudice besides the mere lapse of time" and motion to stay was filed before *Markman* hearing); *Black & Decker, Inc. v. Positec USA, Inc.,* 13-C-3075, 2013 U.S. Dist. LEXIS 153795 (N.D. Ill. Oct. 1, 2013) (implementing a stay until PTO has made a decision on whether to grant *inter partes* review where trial is not set until 2015 and Plaintiff has not shown prejudice).

These opinions indicate that whether to stay litigation pending *inter partes* review is a discretionary and fact-dependent inquiry. Based on the particular facts and circumstances of this case, including (1) the early stage of this litigation; (2) the timing of the upcoming *Markman* hearing; and (3) Dr. Norred's ten-year delay in bringing suit, Medtronic respectfully requests that the Court exercise its discretion to stay this case now.

November 22, 2013

        **BARTIMUS FRICKLETON ROBERTSON & GORNY**

        __/s/ James P. Frickleton_____
        James P. Frickleton
        Kansas Bar No. 20602
        11150 Overbrook Road, Suite 200
        Leawood, Kansas 66211
        (913) 266-2300 Tel
        (913)266-2366 Fax

        **MCKOOL SMITH P.C.**
        Theodore Stevenson III (admitted pro hac vice)
        Texas State Bar No. 19196650
        tstevenson@mckoolsmith.com
        Nicholas M. Mathews (admitted pro hac vice)
        Texas State Bar No. 24085457
        nmathews@mckoolsmith.com
        300 Crescent Court, Suite 1500
        Dallas, Texas 75201
        Telephone: (214) 978-4000
        Facsimile: (214) 978-4044

        Sam Baxter (admitted pro hac vice)
        Texas State Bar No. 01938000
        sbaxter@mckoolsmith.com
        104 E. Houston Street, Suite 300
        P.O. Box 0
        Marshall, Texas 75670
        Telephone: (903) 923-9000
        Facsimile: (903) 923-9099

## CERTIFICATE OF CONFERENCE

    Medtronic's counsel conferred with counsel for Dr. Norred telephonically on November 22, 2013, and Dr. Norred is opposed to the relief requested herein.

        __/s/ James P. Frickleton_____
        James P. Frickleton

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 22, 2013.

                                                                                                         _/s/ James P. Frickleton_
                                                                                                          James P. Frickleton