IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TROY R. NORRED, M.D.,

        Plaintiff,

v.                            Case No. 13-2061-EFM/TJJ

MEDTRONIC, INC.,
et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review of U.S. Patent No. 6,482,228 (ECF No. 46). Defendants request an order staying this action pending a decision by the Patent Trial and Appeal Board on Defendants' petitions to institute an *inter partes* review of the patent at issue in this case. Plaintiff opposes the motion. As explained below, the motion to stay proceeding is granted.

**I.    FACTS**

Plaintiff filed this patent infringement case on February 6, 2013, alleging that Defendants' artificial heart valves infringe upon his patent, United States Patent No. 6,482,228 ("the '228 patent"). On August 7, 2013, the Court held a scheduling conference in this case. The Scheduling Order entered on August 19, 2013 sets a *Markman* claim construction hearing for May 2014. It sets October 1, 2014 and October 31, 2014 as respective deadlines for completion of discovery and for filing dispositive motions, as well setting the pretrial conference in October 2014. No trial date has been set.

On October 31, 2013, Defendants filed two petitions with the Patent Trial and Appeal Board ("PTAB") for *inter partes* review based on four references anticipating claims 16-20 and

six references anticipating claims 20-24 of the '228 patent. Defendants claim that they filed the petitions after conducting a prior art search and identifying a large number of prior art references that were not considered by the United States Patent and Trademark Office ("PTO") in examining Plaintiff's patent application.

Defendants filed the instant motion to stay this case on November 15, 2013.

II.    MOTION TO STAY CASE PENDING PETITIONS FOR *INTER PARTES* REVIEW

The federal courts that have considered motions to stay litigation pending either a ruling on a petition for *inter partes* review or the review itself have found the three following factors significant in deciding whether to stay the judicial proceedings: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.[1] Courts in the District of Kansas have also considered similar factors in deciding whether to stay litigation pending a party's request for the PTO to reexamine the patent at issue.[2] In *Braintree Laboratories*, the court noted that a stay may not be appropriate where "undue prejudice would result or one party would suffer a clear tactical

---

[1] *Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13-04201 WHA, 2014 U.S. Dist. LEXIS 2763, at *5 (N.D. Cal. Jan. 9, 2014); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013); *Pride Mobility Prods. Corp. v. Permobil, Inc.*, No. 13-cv-01999, 2013 U.S. Dist. LEXIS 171911, at *6 (E.D. Pa. Aug. 14, 2013); *Automatic Mfg. Sys. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, 2013 U.S. Dist. LEXIS 165692, at *4 (M.D. Fla. Nov. 21, 2013); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-0021 JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *3–4 (C.D. Cal. Dec. 19, 2012).

[2] *See ScriptPro LLC v. Wal-Mart Stores, Inc.*, No. 05-2244-CM, 2006 U.S. Dist. LEXIS 55456, at *4 (D. Kan. Aug. 8, 2006)(granting motion to stay pending reexamination of patent); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, No. 96-2459-JWL, 1997 U.S. Dist. LEXIS 2372, at *29 (D. Kan. Feb. 26, 1997)(granting motion to stay proceedings for reexamination of the plaintiff's patent).

disadvantage," or "if discovery has been completed or the case is otherwise in a late stage."[3] In *ScriptPro*, the court granted a motion to stay finding that discovery and trial would be simplified by the PTO's reexamination of the patent and the benefits of stay of action would outweigh any prejudice to the defendant.[4] These cases have also noted a "liberal policy in favor of granting motions to stay proceedings pending the outcome of [the PTO]'s reexamination or reissuance proceedings."[5]

The Court concludes that it is appropriate here to use the above-cited factors in determining whether to stay this action until the PTAB rules on Defendants' petitions to institute an *inter partes* review of the '228 patent.

A.     **Stage of the Litigation**

The first factor the Court considers in determining whether to stay the case is the stage of the proceedings, including whether discovery is complete and whether a trial date has been set. Another important consideration is whether the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order.[6] The expenditure of resources by the Court can also be an important factor in evaluating the stage of the proceedings.[7] If the Court has invested significant resources in becoming familiar with the patents, relevant art, the products, and claim construction, it would be a waste of judicial

---

[3] *Braintree Labs.,* 1997 U.S. Dist. LEXIS 2372, at *28–29.

[4] *ScriptPro*, 2006 U.S. Dist. LEXIS 55456, at *3–4.

[5] *Id.* at *2; *Braintree Labs.,* 1997 U.S. Dist. LEXIS 2372, at *27 (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).

[6] *Interwoven. Inc. v. Vertical Computer Sys., Inc.*, No. C 10-04645 RS, 2012 U.S. Dist. LEXIS 30946, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012)

[7] *Universal Elecs.*, 2013 U.S. Dist. LEXIS 64154, at *8.

resources to delay litigating the instant matter for the length of time necessary to conclude the reexamination process.[8]

Defendants argue that a stay is appropriate here because the case is in its infancy. Discovery has only just begun, with only initial disclosures under Fed. R. Civ. P. 26 and some preliminary document discovery exchanged. No depositions have been taken, nor expert reports exchanged. Per the Court's Scheduling Order, the discovery period will be open until October 1, 2014, with the deadline to file dispositive motions set in late October 2014. No claim construction briefing is due until March 2014. Finally, the Court has not set a trial date.

Plaintiff disagrees, asserting that while this lawsuit was filed in February 2013, the origin of this litigation traces back to 2009. At that time, Plaintiff and Defendant Medtronic had extensive discussions about Plaintiff's infringement allegations and the '228 patent. Plaintiff argues that Defendants could have challenged the validity of the '228 patent then, without waiting for him to seek recourse in federal court. Alternatively, Defendants could have acted promptly upon learning of this lawsuit. Although Defendants received a copy of the Complaint in February, months passed without Defendants petitioning or indicating that they would petition for *inter partes* review. Instead, they actively litigated this matter, participating in the Rule 26(f) planning conference and the preparation of the required report, exchanging initial disclosures, serving and responding to written discovery, and participating in mediation.

The Court finds that this case is still in its early stages, with the Scheduling Order entered only a few months before this motion was filed. Little discovery other than initial disclosures and some preliminary document discovery has been exchanged. No depositions have been taken, no interrogatories have been served, and no expert reports have been exchanged. The discovery

---

[8] *APP Pharm., LLC v. Ameridose LLC*, No. 10-4109 JAP, 2011 U.S. Dist. LEXIS 23318, 2011 WL 816622, at *2 (D.N.J. Mar. 8, 2011).

deadline is still more than seven months away. Although a *Markman* hearing is scheduled for May 2014, the parties' claim construction briefing is not yet due. Many of the other significant case deadlines for completion of discovery and filing dispositive motions are many months away and the case has not been set for trial. Few judicial resources to this point have been utilized in becoming familiar with the patents, the product, or claim construction. Defendants have explained that preparing an *inter partes* petition is a significant undertaking, requiring them to retain separate counsel to review and analyze the '228 patent, conduct international prior art searches, and analyze the search results. They filed their petitions for *inter partes* review over three months before the statutory deadline for filing such petitions and filed their motion to stay within two weeks after filing the petitions. This factor weighs in favor of a stay.

B. **Simplification or Elimination of Issues**

The second factor the Court considers is whether a stay will simplify the issues in question and the trial of the case. Because the PTAB has not yet determined whether to institute an *inter partes* review of the '228 patent, the Court is unable to determine whether a stay would simplify or eliminate any issues in this case. As noted by the court in *Universal Electronics*, "[t]he undecided status of the petitions [for *inter partes* review] clouds the simplification inquiry."[9]

Defendants argue that regardless of the PTAB's decision on the *inter partes* petitions, there are significant benefits to staying this case. First, if PTAB institutes a review and the asserted claims are invalidated, this case will likely be dismissed. Second, if the asserted claims are amended, this case will proceed according to the amended claims, rather than the claims that were cancelled during the review. Third, a stay will avoid the need for multiple claim

---

[9] 943 F. Supp. 2d at 1033.

construction hearings. According to Defendants, without a stay, the claim construction hearing currently scheduled for May 2014 would be rendered superfluous if Plaintiff subsequently presents arguments to the PTAB affecting the scope of the claims. Defendants also argue that statistically, it is likely that an *inter partes* review of the '228 patent will be initiated. They cite statistics that in the last year (from September 2012 through July 2013), where 126 out of the 141 (89%) of petitions for *inter partes* review resulted in an instituted trial.

Plaintiff argues that at this point, it is speculative to conclude the PTAB will initiate an *inter partes* review of the '228 patent or that any such review will end in Defendants' favor. Given the stage and history of these proceedings, the benefit of a stay is also speculative at best. If the PTAB does not institute an *inter partes* review, staying the case merely delays this litigation and the inevitable work that will need to be completed to bring this matter to a conclusion. If the PTAB does institute an *inter partes* review, this work will still need to be completed unless the '228 patent is invalidated. Plaintiff does admit, however, that if the PTAB does institute a review of the '228 patent, the parties will likely jointly request modification of the Scheduling Order to accommodate the 12 to 18-month review period.

Given the likelihood that that the PTAB will institute an *inter partes* review, based on the historical statistics cited by Defendants and the Court's understanding of the bases for Defendants' petitions filed with the PTAB, the Court finds that there are issues in this cases which would likely be simplified or eliminated altogether if the PTAB grants Defendants' petitions for an *inter partes* review. Even though the PTAB has not yet decided whether to initiate an *inter partes* review, a short stay of this case until the PTAB issues its decision whether

to grant *inter partes* review of any or all of the asserted claims is warranted.[10] The Court finds this factor thus weighs in favor of a stay.

### C. Prejudice or Clear Tactical Disadvantage

The third factor to be considered in determining whether to stay this case is undue prejudice or a clear tactical disadvantage to the nonmoving party. In evaluating this factor, "courts have taken a practical approach to determining whether the non-movant will suffer undue prejudice from a stay. A court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination, or where the stay will do nothing but delay the proceedings." Mere delay in the litigation, however, does not establish undue prejudice.

Defendants argue that a stay of this action would not unduly prejudice Plaintiff, nor place him at any tactical disadvantage. They state that Plaintiff does not compete with Defendants and is, therefore, at no risk of losing market share during the stay. They also argue that the purpose of this action is not to enjoin Defendants' activities, but to extract a licensing agreement and royalties. Should infringement ultimately be found in this case, Defendants contend that money damages will adequately compensate Plaintiff for any lost licensing revenue.

Although Plaintiff objects to staying this action, arguing that a stay will likely accomplish nothing but delay, he does not argue that he will be prejudiced or suffer a tactical disadvantage. Instead, he argues that he should be able to prosecute his claims, to take discovery, and to set his litigation positions, at least until such a time as the PTAB takes an interest in reviewing the challenged claims.

---

[10] *See Evolutionary Intelligence*, 2014 U.S. Dist. LEXIS 2783, at *7 (finding a full stay not warranted because the PTAB may decide to deny review, but granting a modest stay to learn of the PTAB's decision whether to grant *inter partes* review of any or all of the asserted claims).

Here, the Court does not find that Plaintiff will be unduly prejudiced by staying this action until the PTAB makes its decision on Defendants' petitions for an *inter partes* review. As pointed out by Defendants, the PTAB has a deadline under 35 U.S.C. § 314(b) in which to determine whether to institute an *inter partes* review. Defendants filed their petitions in late October 2013, thus a decision by the PTAB should be forthcoming in the next few months. There is also nothing suggesting that Defendants purposefully delayed in filing their petitions for an *inter partes* review with the PTAB or their motion to stay this action. The Court therefore finds that this factor weighs in favor of a stay.

## III. CONCLUSION

Under the above-discussed factors, the Court finds that a short stay is warranted in this case. This litigation is yet in its early stages with minimal discovery exchanged and only very limited judicial resources expended. A stay until the PTAB rules on Defendants' petitions for *inter partes* review is also warranted given the statistical likelihood that the PTAB will grant the petitions and initiate an *inter partes* review, which will likely simplify or eliminate issues in this case. Finally, the Court finds that Plaintiff will suffer little prejudice by a short stay of this case until the PTAB rules on Defendants' review petitions.

The Court therefore grants the motion and stays this litigation until the PTAB issues its ruling on Defendants' petitions for *inter partes* review on the '228 patent. In order to keep the Court advised on the status of the PTAB proceedings, the parties shall file a joint report advising the Court of the PTAB's decision on Defendants' petitions and the parties' respective positions as to further proceedings in this case. This report shall be filed within 14 days of the PTAB's ruling on Defendants' petitions for *inter partes* review, but in the event of delay in issuance of the PTAB's ruling, no later than May 30, 2014.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review of U.S. Patent No. 6,482,228 (ECF No. 46) is granted. This case and all deadlines set forth in the August 19, 2013 Scheduling Order, including all deadlines related to the May 2014 Markman claim construction hearing before District Judge Melgren and any deadline for responding to Plaintiff's Motion for Leave of Court to Serve Corrected Initial Infringement Contentions (ECF No. 55), are hereby stayed until such time as the PTAB issues a ruling on Defendants' petitions for *inter partes* review.

**IT IS FURTHER ORDERED THAT** the parties shall file a joint report advising the Court of the PTAB's decision on Defendants' petitions, as well as the parties' respective positions as to further proceedings in this case. This report shall be filed within 14 days of the PTAB's ruling on Defendants' petitions for *inter partes* review, but no later than **May 30, 2014**.

IT IS SO ORDERED.

Dated this 12th day of February, 2014, at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge